IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:08cv206
(3:05cr79)

| | |
|---|---|
| ALVIN EUGENE McSWAIN, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | AMENDED ORDER[1] |
| ) | |
| UNITED STATED OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court upon petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. §2255 filed on May 2, 2008 (#1 1); the government's Motion for Summary Judgment filed June 18, 2008 (#5); petitioner's Response to the Government's Motion for Summary Judgment filed on July 21, 2008 (Doc. No. 9); and the government's Reply. (Doc. No. 10). For the reasons stated below, petitioner's Motion to Vacate will be denied and dismissed.

## FINDINGS AND CONCLUSIONS

**I.    Procedural History**

On March 29, 2005, petitioner was named in a one-count Bill of Indictment charging him with being a felon in possession of a firearm in violation of 18, United

---

[1] This amended order adds a decision on the issuance of a certificate of appealability to the Order issued September 3, 2010. (Doc. No. 12).

1

States Code, Section 922(g)(1). United States v. McSwain, 3:05cr79 (W.D.N.C. 2005) (Docket Entry #1). On September 8, 2005, petitioner entered plea of guilty to the Bill of Indictment without a plea agreement. Id., at Docket Entry #13. On February 27, 2006, this court conducted a sentencing hearing and imposed a sentence of 96 months imprisonment followed by three years of supervised release. Id., at Docket Entry #20.

After entry of Judgment, petitioner, through counsel, appealed his conviction to the Court of Appeals for the Fourth Circuit and filed an Anders brief in which petitioner questioned: (1) the validity of Petitioner's conviction on the ground that the firearm Petitioner possessed was inoperable; and (2) the reasonableness of petitioner's sentence. On December 1, 2006, the Court of Appeals for the Fourth Circuit issued its decision affirming petitioner's conviction and sentence. United States v. McSwain, No. 06-4259 (4th Cir., December 1, 2006). Petitioner filed a petition for *writ of certiorari* in the Supreme Court of the United States which was denied on June 29, 2007.

Petitioner filed the instant Motion to Vacate alleging that his attorney was ineffective for: (1) allowing him to plead guilty to being a felon in possession when he was not actually a felon and for (2) failing to object to his 1997 DWI and 2003 misdemeanor assault convictions which improperly added points to his criminal

history calculus. Each contention will be addressed *seriatim*.

**II.     Discussion**

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . . " in order to determine whether a petitioner is entitled to any relief. Fed.R.G.Sec.2255 P. 4(b). If the motion is not dismissed after that initial review, the court must direct the government to respond. Id. The court must then review the government's answer and any materials submitted by the parties and determine whether an evidentiary hearing is warranted pursuant to Rule 8(a).

In accordance with Rules 4 and 8, the court has conducted such review and it is patently clear that petitioner is entitled to no relief on his claims and an evidentiary hearing is not warranted. Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

**A.     Ineffective Assistance of Counsel**

To establish a claim of ineffective assistance of counsel, a petitioner must show that counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by such constitutionally deficient representation. Strickland v. Washington, 466 U.S. 687-91 (1984). In measuring counsel's performance, there is a strong presumption that counsel's conduct was within the wide range of

3

reasonable professional assistance. Id., at 689; see also Fields v. Attorney General of State of Md., 956 F.2d 1290, 1297-99 (4th Cir. 1992). In the plea context, a petitioner must show that his counsel's performance was deficient and "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Fields, 956 F.2d at 1297 (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985) (internal citations and quotations omitted).

**1. Petitioner's Contention That He Was Not a Felon.**

Petitioner first claims that his counsel was ineffective for allowing him to plead guilty to being a felon in possession when he was not actually a felon. Petitioner admits that he was convicted of felony robbery in 1980, felony assault in 1983, and possession of crack in 1995, but relies on United States v. Essick, 935 F.2d 28 (4th Cir. 1991) for the proposition that his right to possess firearms was restored when his convictions were discharged in 1996. Petitioner is correct that Essick imposed upon the government the burden of proving that the federal possession occurred within five years of the cessation of state supervision for a state felony, because at that time North Carolina automatically restored the rights of felons to possess guns five years after state supervision ends. Id. at 30-31 (citing N.C. Gen. Stat. § 14-415.1). In 1995, however, the North Carolina legislature amended the statute to eliminate the five year automatic restoration rule. See N.C.Gen.Stat. § 14-415.1. Since the time of the

4

amendment, the Court of Appeals for the Fourth Circuit has held that the state's amendment of the statute was regulatory, not punitive, and therefore the state law could be applied retroactively to previously discharged convictions for federal felon in possession purposes. See United States v. Farrow, 364 F.3d 551, 554-55 (4th Cir. 2004); United States v. O'Neil, 180 F.3d 115, 123-25 (4th Cir. 1999).

In light of the such precedent interpreting the amended statute, petitioner's counsel would not have been successful in arguing that petitioner was not a felon because his convictions had been discharged. Inasmuch as the claim would not have been successful, counsel cannot be deemed deficient for having failed to raise the claim, which also eliminates the possibility that failure to raise the unsuccessful claim prejudiced petitioner.

Petitioner's claim that he thought his rights had been restored does not, however, revive his claim. Unlawful possession of a gun by a felon is not a specific intent crime. The "knowing" requirement of a Section 922(g) offense applies only to the possession element, not to the felony or commerce element. United States v. Gilbert, 430 F.3d 215, 218 (4th Cir. 2005). Petitioner's ignorance of the law claim, therefore, also fails.

In his response to the government's Motion for Summary Judgment, petitioner claims that North Carolina law allows convicted felons to legally possess guns in their

5

homes or places of business and because he was arrested at home, where he was legally permitted to possess a gun, his attorney was ineffective for allowing him to plead guilty to being a felon in possession of a firearm. Petitioner is incorrect in relying on North Carolina Gen. Stat. § 14-415(a) for such proposition because the provision allowing a felon in possession to possess a gun in their home or place of business was repealed effective December 1, 2004 and petitioner possessed a gun in his home on January 16, 2005. See N.C. Sess. Law 2004-186.

Petitioner also contests the voluntariness of his guilty plea in his response to the government's Motion for Summary Judgment. Such voluntariness claim is based on his misinterpretation of the law set forth above. Therefore, Petitioner's claim that his guilty plea was not voluntary is also without merit.

### 2. Sentencing Issues

Next, Petitioner argues that his counsel was ineffective for failing to object to his 1997 Driving While Impaired and 2003 misdemeanor assault convictions detailed in his presentence report, which added two criminal history points to his guideline calculus. Pursuant to section 4A1.1(c) of the Guidelines, every sentence (other than a longer sentence already counted under subsections (a) and (b)), up to a total of four sentences for four points, merits one criminal history point. Section 4A1.2(a)(1) explains that this means any prior sentence, no matter how minor, except for those

specifically excluded under Section 4A1.2(c).  Section 4A1.2(e)(2) explains that sentences for less than one year and one month imposed within ten years of the defendant's commencement of the instant offense are counted.  Both of Petitioner's offenses were within 10 years of his firearms offense, neither was specifically excluded under Section 4A1.2(c) and petitioner did not have more than four such "minor" offenses.  Counsel cannot be found ineffective for failing to raise an argument that is contrary to established law.   Petitioner has not established either prong of the <u>Strickland</u> test, therefore his claims of ineffective assistance of counsel must fail.

### III. Conclusion

The court has considered the pleadings and documents submitted by the parties and the entire record of this matter and finds that it is clear that Petitioner is not entitled to relief on any of his claims.


**ORDER**

**IT IS, THEREFORE ORDERED** that:

(1) the Government's Motion for Summary Judgment (# 5) is **GRANTED**;

(2) the Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (#1) is **DISMISSED** with prejudice; and

(3)  that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong) (citing <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)).

Signed: September 7, 2010

*Robert J. Conrad*
Robert J. Conrad, Jr.
Chief United States District Judge